**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **TECHNICAL SERGEANT THOMAS D. CUMBIE,** | * | |
| | * | |
| **Plaintiff,** | * | **Civil No. 8:24-cv-2505-CDA** |
| **v.** | * | |
| **TROY MEINK, Secretary, United States Air Force,** | * | |
| | * | |
| **Defendant.**[1] | * | |

* * *

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Plaintiff Technical Sergeant Thomas D. Cumbie's Motion for Attorney Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). ECF 48. The motion is ripe for disposition, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the following reasons, Plaintiff's Motion is **GRANTED.**

## I. BACKGROUND

Cumbie filed this lawsuit on August 28, 2024, pursuant to the Administrative Procedure Act ("APA") as codified at 5 U.S.C. § 706, seeking judicial review of the final decision of the Air Force Board for the Correction of Military Records ("AFBCMR" or "Board"). ECF 1. The Board denied Cumbie's application for Combat-Related Special Compensation ("CRSC") benefits based on his post-traumatic stress disorder ("PTSD").

---

[1] Cumbie filed this case against Frank Kendall III, the Acting Secretary of the Air Force, on August 28, 2024. ECF 1. Troy Meink became the Secretary of the Air Force on May 16, 2025. Accordingly, Secretary Meink has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

*See generally id*. Cumbie amended his complaint on October 2, 2024, seeking an order (1) "[d]eclaring that the AFBCMR's denial of [] Cumbie's application for CRSC benefits was arbitrary and capricious, an abuse of discretion, and not in accordance with the law under the APA"; (2) "[v]acating and remanding the AFBCMR's decision with instructions to apply the proper legal standards in assessing [] Cumbie's application"; and (3) "[a]ward[ing] Plaintiff cost [sic] and attorneys' fees." ECF 20 at 15.[2]

Both parties moved for summary judgment. ECFs 33, 38. The Court issued a Memorandum Opinion (the "Summary Judgment Opinion") and an order (the "Summary Judgment Order") granting Cumbie's cross-motion and denying the government's motion. ECFs 44, 45. Applying the standard of judicial review under the APA, the Court found that the AFBCMR's decision in question arbitrary and capricious for three reasons:

> First, the AFBCMR applied the incorrect legal standard in determining whether Cumbie's PTSD was a disability incurred as a "direct result of armed conflict" and failed to rationally connect the evidence to its conclusion that Cumbie's PTSD was not combat-related. Second, the decision does not sufficiently connect the evidence to its conclusion. Third, based on those first two errors, the decision fails to clear the substantial evidence bar.

*Id*. at 18. Citing the limited judicial review applied under the APA, the Court declined to resolve the issue of Plaintiff's entitlement to CRSC:

> In reaching its conclusion, the Court emphasizes that it takes no position on—and makes no assumptions regarding—the ultimate question of whether Cumbie is entitled to CRSC. Its limited role, as noted earlier, focuses on the application of the correct standards to ensure decisions are not arbitrary or capricious. Whether the Court would have reached the same result on the merits is irrelevant so long as the decision applies the relevant factors and avoids clear errors.

[2] For the citations to page numbers in this Memorandum Opinion, the Court uses the page numbers assigned to the document from CM/ECF or PACER.

*Id.* at 32 (citing *Ohio Valley Envir. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009)). The Court ordered the AFBCMR's decision be set aside and Cumbie's application remanded to the AFBCMR for consideration consistent with the Summary Judgment Opinion. ECF 45. Having resolved the questions central to the summary judgment motions, the Summary Judgment Order directed the Clerk of Court to close this case. *Id.*

Cumbie filed the pending Motion seeking payment of $33,293.40 in attorney's fees and costs pursuant to the EAJA. ECF 48. The government opposed, and Cumbie filed a reply. ECFs 49, 50.

## II. STANDARD OF REVIEW

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action" brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Thus, the EAJA is "a qualified fee-shifting statute rather than a prevailing party statute." *Perez v. Jaddou*, 31 F.4th 267, 270 (4th Cir. 2022).

"A claimant is entitled to an award of fees under the EAJA if: (1) the claimant is a prevailing party; (2) the [g]overnment's position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the claimant timely filed [their] petition supported by an itemized statement." *Thomas v. Saul*, 816 F. App'x 835, 837 (4th Cir. 2020) (citing 28 U.S.C. § 2412(d)).

## III. ANALYSIS

Cumbie argues that he meets the elements for an EAJA award. ECF 48-2 at 3. In his view, he qualifies as a prevailing party because the Court found the AFBCMR's

decision "arbitrary, capricious, and unsupported by substantial evidence" and in violation of the APA's requirements. *Id.* at 3—4. He describes the government's position as not "substantially justified" because the "AFBCMR's decision misstated the appropriate legal standard; failed to rationally consider the evidence; and over-relied on an erroneous advisory opinion." *Id.* at 4. He insists that no special circumstances preclude him from obtaining an EAJA award and that his fee request is reasonable, as it applies a "modest" hourly rate of $257.39 per hour for 129.35 attorney hours, an hourly total he deems reasonable considering the circumstances of the case. *Id.*

The government disputes only whether Cumbie is a "prevailing party." The government argues that although Cumbie won summary judgment, "a remand back to the agency without any outcome-determinative directive does not make Plaintiff a prevailing party." ECF 49 at 1. According to the government, because the Court neither addressed the underlying merits of Cumbie's entitlement to CRSC nor mandate a particular outcome on remand, Cumbie is not a prevailing party. *Id.*

The government's arguments miss the mark. "The term 'prevailing party' is a 'legal term of art' that is 'interpreted . . . consistently' across various statutory fee-shifting provisions." *Ge v. United States Citizenship & Immigr. Servs.*, 20 F.4th 147, 153 (4th Cir. 2021) (citing *Buckhannon Bd. and Care Home, Inc. v. W.V. Dep't of Health and Human Res.*, 532 U.S. 598, 603 & n.4 (2001)). "[F]or a plaintiff to be a prevailing party, he must obtain (1) a judgment, consent decree, or similar order, (2) that grants him some relief on the merits, (3) that materially alters the legal relationship between him and the defendant, and (4) that is enforceable by the court." *Id.* As explained below, the Court concludes that the Summary Judgment Order is a final judgment, is an order on the merits of the issue before the court (and not of a procedural nature), and materially altered the parties'

legal relationship.[3]

### A. Cumbie is a prevailing party.

First, the Summary Judgment Order is a final judgment in Cumbie's favor. "A judgment is understood to be an order sufficiently final that an appeal will lie from it," and it cannot be an order that is "clearly interlocutory and not appealable." *Id.* at 153–54. The Summary Judgment Order is not interlocutory in nature; if the government disagreed with the Court's ruling, it had an option to appeal—by right rather than permission—to the Fourth Circuit. There was nothing left to retain or oversee, as the Court resolved the entirety of the challenge under the APA. Thus, the Court did not retain jurisdiction over the case during the remand and, instead, instructed the Clerk to close the case.

Second, the Summary Judgment Order was on the merits. Cumbie sought judicial review of the Board's final decision pursuant to the APA and 5 U.S.C. § 706. The Court's decision resolved the merits it had the power to address. "Judicial review of the final decision of a military correction board, like the ABCMR, is limited to a determination of whether the board's decision 'is arbitrary and capricious, contrary to law, or unsupported by substantial evidence.'" *Thompson v. United States*, 119 F. Supp. 3d 462, 468 (E.D. Va. 2015) (*citing Frizelle v. Slater*, 111 F.3d 172 (D.C.Cir.1997)). And the review of the Board's decision requires "significant judicial deference." *Dorado-Ocasio v. Averill*, 128 F.4th 513, 521 (4th Cir. 2025). "Such deference ensures that the courts function neither as a 'super correction board' . . . nor as 'a forum for appeals by every soldier dissatisfied with

[3] The parties do not dispute that the Summary Judgment Order is enforceable by the Court.

[a military personnel action or decision], a result that would destabilize military command and take the judiciary far afield of its area of competence.'" *Downey v. U.S. Dep't of the Army*, 110 F. Supp. 3d 676, 686–87 (E.D. Va. 2015), *aff'd* 685 F. App'x 184 (4th Cir. 2017) (quoting *Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000) and *Charette v. Walker*, 996 F. Supp. 43, 50 (D.D.C. 1998)). Here, the merits at issue under the APA concern whether the AFBCMR's decision is arbitrary and capricious, contrary to law, or unsupported by substantial evidence. Addressing this issue, the Summary Judgment Opinion found the AFBCMR's decision arbitrary and capricious. Accordingly, the Summary Judgment Order set aside the AFBCMR's decision and remanded Cumbie's application to the AFBCMR.

Third, the Summary Judgment Order materially altered the legal relationship of the parties. "[T]he 'material alteration' requirement must be understood to require some 'resolution of the dispute which changes the legal relationship between [the plaintiff] and the defendant.'" *Ge*, 20 F.4th at 156–57 (citing *Texas State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) and *Buckhannon*, 532 U.S. at 604). Upon commencing this action, Cumbie's application for CRSC benefits had been denied and was no longer pending before the Board. The Summary Judgment Order resurrected Cumbie's application, which is again pending before the Board after being denied. Thus, the parties have returned to a posture where the application's outcome is pending rather than resolved and on judicial review. By reopening a closed matter, the Summary Judgment Order altered the parties' legal relationship.

The government argues that "[e]ven where the court finds error in the agency's decision making, if the court's order does not mandate a specific decision then the plaintiff has not 'prevailed' for EAJA purposes." ECF 49 at 3. The government does not

cite, and the Court is not aware of, authority addressing such a contention in similar circumstances involving a decision on an APA challenge. However, the Court finds persuasive the reasoning of Supreme Court precedent finding that a Social Security claimant who obtains a remand pursuant to sentence four of the Social Security Act (42 U.S.C. § 405(g)) is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). "Under 42 U.S.C. § 405(g), a claimant has the right to seek judicial review of a final decision of [the Social Security Administration's] denying Social Security benefits." *Schaefer*, 509 U.S. at 293–94. Often, the challenged final decision is the administrative law judge's (ALJ's) written decision, and the district court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 382–83 (4th Cir. 2021); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "One possible outcome of such a suit is that the district court, pursuant to sentence four of § 405(g), will enter 'a judgment . . . reversing the decision of the [agency] . . . [and] remanding the case.'" *Schaefer*, 509 U.S. at 294. A party who obtains a sentence-four judgment reversing the Social Security Administration's denial of benefits (and declining to retain jurisdiction) is a prevailing party.[4] *Id.* at 302 (citation omitted). Moreover, the Supreme Court noted

[4] The *Schaefer* Court recognized "a 'narrow class of qualifying administrative proceedings' where 'the district court retains jurisdiction of the civil action' pending the completion of the administrative proceedings." 509 U.S. at at 300 (discussing *Sullivan v. Hudson*, 490 U.S. 877 (1989)). In such a case, "the claimant will not normally attain 'prevailing party' status . . . until after the result of the administrative proceedings is known." *Sullivan*, 490 U.S. at 886. However, *Schaefer* emphasized *Hudson*'s limits by clarifying that sentence-four remands fall outside this "narrow class" because courts enter those remand orders without retaining jurisdiction. *Schaefer*, 509 U.S. at 300; *see also Flores v. Shalala*, 49 F.3d 562, 569 (7th Cir. 1995) (explaining that *Schaefer*

that the prevailing party status exists where "the plaintiff has succeeded on any significant issue in litigation which achieve[d] some of the benefit . . . sought in bringing suit." *Id.* at 302 (citing *Garland*, 489 U.S. at 791–792). "Obtaining a sentence-four judgment reversing the Secretary's denial of benefits certainly meets this description." *Id.* (citation omitted).

When considering the similarities in a district court's roles in these two contexts, the Court finds *Schaefer*'s reasoning and conclusions instructive. In this case, the Court's analysis was limited to determining whether the AFBCMR's decision was arbitrary and capricious, contrary to law, or unsupported by substantial evidence. Upon finding the decision arbitrary and capricious, the Court set aside the Board's decision, remanded it for further consideration, and closed the case.[5] Cumbie, having secured a final judgment setting aside and remanding the case back to the agency based on a legal defect in the agency's decision, achieved all—not just some of the relief—he requested in bringing this lawsuit. Thus, the Court concludes that he is a prevailing party for EAJA purposes. *See SecurityPoint Holdings, Inc. v. Transportation Sec. Admin.*, 836 F.3d 32, 39 (D.C. Cir. 2016) (holding that a party, seeking review of an agency decision under the APA, "secures

resolved a circuit split by "holding that an applicant for benefits becomes a prevailing party upon procuring a sentence-four remand for further administrative proceedings, regardless of whether he later succeeds in obtaining the requested benefits" and thus "reject[ing] 'dictum' to the contrary in *Hudson*").

[5] This mirrors the typical path for setting aside a final social security disability. *See, e.g.*, *Marion J. v. Comm'r, Soc. Sec. Admin.*, No. SAG-18-2407, 2019 WL 2290496, at *2 (D. Md. May 29, 2019) (reversing and remanding "due to inadequate analysis," "[p]ursuant to sentence four of 42 U.S.C. § 405(g)," and closing the case). Based on *Schaefer*, the plaintiff in such a case is a prevailing party.

a remand terminating the case and requiring further administrative proceedings in light of agency error is a prevailing party without regard to the outcome on remand").

### B. The Court's determination was on the merits, rendering the government's reliance on *Ge* unpersuasive.

The government argues that "the legal relationship between parties is not altered where a court remands back to an agency for reconsideration of the agency's previous determination and the court does not weigh in on the merits." ECF 49 at 3. The government invokes the circumstances in *Ge*, where an applicant for U.S. citizenship brought an action under 8 U.S.C. § 1447(b) after his application sat pending before the U.S. Citizenship and Immigration Services (USCIS) for more than two and a half years. 20 F.4th at 150. As an initial matter, the government's contention is irreconcilable with *Schaefer*'s analysis summarized above. For that reason alone, the Court rejects it. Beyond that, *Ge* is distinguishable—easily—upon careful review of its facts and analysis.

The factual circumstances in *Ge* involved a delay in adjudicating the application for citizenship due to an enhanced background check after the plaintiff's enlistment in the United States Army. 20 F.4th at 150. Ge sought a court order granting the application or remanding "with instructions 'to adjudicate the application immediately and to schedule and administer an Oath Ceremony by a date certain.'" *Id.* at 151. He sought relief under the APA and "through a writ of mandamus." *Id.* USCIS sought dismissal of the APA and mandamus pursuits and, instead, asked the Court to "remand to USCIS the claim made pursuant to § 1447(b)" to permit adjudication upon completing any required investigation. *Id.* Finding that it has jurisdiction under § 1447(b), the district court remanded the case and directed USCIS to "adjudicate the plaintiff's naturalization application within forty-five (45) days of this Order." *Id.* The district court explained that

a failure to do so would result in the court "exercise[ing] its authority to hear and decide the case."[6] *Id.* It is hardly a surprise, then, that the district court stayed the case for sixty days. About forty days later, the plaintiff notified the district court that he had been "sworn in as a United States citizen," resolving the matter without a need for continued judicial oversight or intervention. *Id.* The district court lifted the stay and dismissed the case with prejudice. *Id.* When Ge sought attorneys' fees and expenses pursuant to the EAJA, the district court denied the motion after finding that he was not a prevailing party under the statute. *Id.*

On appeal, the Fourth Circuit affirmed the district court's ruling. First, the court concluded that the remand order was neither a merits judgment nor the equivalent of a consent decree. *Id.* at 153. The Fourth Circuit described the remand order as "clearly interlocutory and not appealable." *Id.* at 153—54. "The order did not resolve the matter such that it could be call a 'judgment,'" but instead "required USCIS to conduct further proceedings within a specified time and retained the court's jurisdiction to adjudicate the matter on the merits if the agency did not comply." *Id.* at 154. Nor did the order reflect a settlement agreement subject to judicial approval and oversight, such that it could have been viewed as a consent decree. *Id.*

The Fourth Circuit next explained that the remand order was "only a procedural order, not an order on the merits," and "[p]arties who obtain merely procedural orders are not prevailing parties for purposes of fee-shifting statutes such as the EAJA." *Id.* at 156. The governing statute, 8 U.S.C. § 1447(b), "authorizes the court to pursue one of two

[6] Because the district court "had jurisdiction under § 1447(b) 'to decide or remand [Ge's] case,' it did not need to reach his APA and mandamus claims." *Id.* n.1.

courses: (1) the court may determine the matter, i.e., grant or deny the application for naturalization . . . or (2) it may remand the matter to USCIS to determine it in the first instance and accompany its remand order 'with appropriate instructions.'" *Id.* at 156. A judgment on the merits occurs when the court chooses to grant or deny the application. *Id.* However, the district court's remand did neither, leaving the merits untouched with instructions that USCIS act within a certain time and reserving the court's power to decide the case if USCIS failed to comply. *Id.* at 155. The Fourth Circuit emphasized that the district court's remand "never ruled on the merits" and only articulated a procedure by which a prompt merits decision would occur, either by USCIS or the district court. *Id.* Therefore, although the plaintiff successfully obtained a favorable outcome, that outcome was not through the district court's determination. *Id.*

With that understanding, it is unsurprising that the Fourth Circuit concluded that "the district court's remand order did not *materially alter the legal relationship* of the parties." *Id.* at 156. (emphasis original). Any change in the parties' legal relationship did not arise from the remand order's contents:

> Upon commencing this action, the legal relationship between Ge and USCIS was that Ge was an applicant for naturalization; USCIS was the agency that could grant or deny that application; and no determination on the merits of the application had been made. The unresolved dispute centered on whether the application would be granted or denied. After the district court entered its remand order, Ge was still the applicant; USCIS was still the agency that could grant or deny the application; and no determination had been made on the merits of the application. The issue in dispute remained whether to grant or deny the application.

*Id.* at 157.

Considering the whole of the Fourth Circuit's analysis in *Ge*, the Court has little trouble distinguishing its facts and reasoning from the case at bar. In that case, the district court exercised authority under a different statute to address a different question

and expressly reserved any comments on the merits of any decision made by the government. Nor could it do so, as no decision had occurred, and the court instead reserved until the agency could decide one way or another. To the contrary, the Summary Judgment Order in this case is a final judgment that addressed the merits of the issue before the Court, and the Court did not retain jurisdiction (because there was nothing left within the Court's power to decide related to the propriety of the agency's decision). Unlike in *Ge*, where the district court was authorized to rule on the merits of the plaintiff's naturalization application, the Court's role in this case is limited; the Court did not *and could not* rule on substantive issues related to Cumbie's application. Furthermore, the nature of the parties' relationship in *Ge* the moment before the district court's remand order was identical to the nature of the relationship the moment after. At both times, the status of Ge's citizenship application was "pending." In contrast, the status of Cumbie's application changed from "denied" to "pending" the moment the Court issued the Summary Judgment Opinion and the Summary Judgment Order. For all of these reasons, even beyond the persuasive analysis of *Schaefer*, the Court rejects the government's reliance on *Ge*.

* * *

In sum, Cumbie is entitled to an award of attorneys' fees under EAJA. The government does not challenge either the hours Plaintiff's counsel spent on this matter or the proposed hourly rate. Counsel for Plaintiff submitted time entries for Cumbie's attorneys from Hunton Andrews Kurth LLP as well attorneys from the National Veterans Legal Services Project ("NVLSP"). Counsel also indicated that "Plaintiff's attorneys have exercised reasonable billing judgment on this case" and only "the hours billed by Plaintiff's core attorneys" were included in the fee request. ECF 48-4. The Court finds

that the proposed hourly rate is reasonable as it reflects the $125 per hour capped under EAJA and the appropriate cost-of-living increases. 28 U.S.C. § 2412(d)(2)(A); *see also Goodlaxson v. Mayor and City Council of Balt.*, 776 F. Supp. 3d 311, 321–22 (D. Md. 2025) (quoting *McAdams v. Robinson*, 26 F.4th 149, 162 (4th Cir. 2022) (internal quotation marks omitted) (describing the lodestar method of determining attorney's fees "by multiplying the number of reasonable hours expended times a reasonable rate" and noting the "strong presumption that the lodestar figure is reasonable"). As such, the award of $33,293.40 in attorney's fees and costs is justified.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorney Fees (ECF 48) is **GRANTED**.

A separate order consistent with this opinion will issue.

Date: September 30, 2026

/s/
Charles D. Austin
United States Magistrate Judge